UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:17-CR-10-TBR

UNITED STATES OF AMERICA,                                       PLAINTIFF

v.

KEITH LAWRENCE JOHNSON, JR.,                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Keith Johnson's Motion for Clarification of the Record. [R. 41.] Plaintiff United States responded. [R. 42.] This matter is now ripe for adjudication. For the reasons stated herein, Johnson's Motion for Clarification of the Record, [R. 41], is **DENIED**. Johnson's previous Motion for Clarification of the Record, [R. 39], is **DENIED AS MOOT**.

On November 30, 2017, Johnson was committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of twenty-four months with four years of supervised release upon release from imprisonment. [R. 35 at 3-4 (Judgment and Commitment Order).] In his motion before the Court, Johnson "contends that the record has failed to indicate or allege that he received the nine (9) month jail credit while in the Federal Detention Center Holding facilities." [R. 41 at 1.] Pursuant to Federal Rule of Criminal Procedure 36, he asks that the Court "GRANT his request for clarification of the Record and issue an Order granting him the jail credit." [*Id.*] The United States responds that "[o]nly the Bureau of Prisons, and not the district court, is authorized to grant credit for time served under 18 U.S.C. § 3585(b)." [R. 42 at 1 (quoting *United States v. Jefferson*, 507 F. App'x 509, 510 (6th Cir. 2012)).] The Court agrees with the United States.

Although Johnson makes his motion pursuant to Rule 36, "a claim for credit for time served is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36." *Addison v. United States*, 2 F.3d 1151 (6th Cir. 1993) (unpublished). Furthermore, the Attorney General, through the Bureau of Prisons, has exclusive authority to compute and apply credit for time served. *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). Any request for jail credit must therefore be directed to the Bureau of Prisons. Thus, Johnson's Motion for Clarification, [R. 41], is DENIED.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED**: Johnson's Motion for Clarification, [R. 41], is **DENIED**. As Johnson's previous Motion for Clarification, [R. 39], is the same motion, only with no signature, it is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge
United States District Court**

November 5, 2018

cc: Counsel of Record

Keith Lawrence Johnson, Jr., *pro se*
33396-058
BUTNER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 1600
BUTNER, NC 27509